UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| | ) |
| v. | ) Cr. No. 1:21-cr-10158-MLW |
| | ) |
| | ) |
| WEMERSON DUTRA AGUIAR, | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                    April 3, 2024

On March 13, 2023, the court sentenced defendant Wemerson Dutra Aguiar to serve 45 months in prison on charges of conspiracy to commit wire fraud and aggravated identity theft to which he had pled guilty. Aguiar has filed a motion to reduce his sentence to 40 months, pursuant to 18 U.S.C. §3582(c)(2), based on the amendment to §4C1.1 of the Sentencing Guidelines, which took effect February 1, 2024. See Dkt. No. 1255. If the Motion is granted, Aguiar would be eligible for release now rather than on May 17, 2024. See Dkt. No. 1257. The government opposes the Motion. See id. ¶3. Aguiar has requested a hearing on the Motion. See Dkt. No. 1260.

The parties correctly agree that Aguiar is eligible for the requested reduction in sentence. See Dkt. No. 1257 ¶1. However, the fact that Aguiar is eligible for a reduction of sentence does

not mean he is necessarily entitled to one. Rather, the court must "'consider[] any applicable [18 U.S.C.] §3553(a) factors and determine[] whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" United States v. Zayas-Ortiz, 808 F.3d 520, 523 (1st Cir. 2015) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)); see also United States v. Rodriguez-Rosado, 909 F.3d 472, 479 (1st Cir. 2018).

The court finds that a hearing is not necessary. After considering all of the §3553(a) factors, including but not limited to the seriousness of the offense, the court also finds that the Motion is unmeritorious.

The court has sentenced 14 defendants in this case. Aguiar was one of the two most culpable. His 45-month sentence was at the high end of his Guideline range and higher than the sentence imposed on any of his co-defendants. In sentencing Aguiar, the court stated that:

> Mr. Aguiar has a sentence at the high end of his guideline range as I calculated it. If there was more or better information, your guideline range would have been higher. It didn't capture all the economic harm that you caused. But I've decided that, nevertheless, 45 months is enough.. . . The amount of the loss—the total offense level, which is calculated based on the amount of the loss, drastically understates the seriousness of the offense. The guidelines would be much higher if all of the loss . . . could have been calculated.. . . [I] very seriously considered giving [Mr. Aguiar] a higher sentence.. . . if I [have] a concern about the sentence I imposed on Mr. Aguiar, it's not that it's too high, . . . it's that it's too low.

2

March 13, 2023 Hr'g Tr. at 111, 115, 116 (Dkt. No. 868). Evidence of Aguiar's conduct introduced at the later trial of his co-defendant Thiago de Souza Prado enhances the concern expressed by the court at sentencing that the amount of loss used to calculate Aguiar's Guideline range "substantially understates the seriousness of the offense." Therefore, an upward departure would have been justified then as it is now. See U.S.S.G. §2B1.1 A.N. 21(A).

In addition, a 40-month sentence would be lower than the 42-month sentence imposed on Aguiar's less culpable co-defendant Edvaldo Rocha Cabral, and the same as that imposed on his less culpable co-defendants Itallo Felipe Pereira de Sousa Correa and Guilherme da Silveira. Therefore, reducing Aguiar's sentence would be inconsistent with the statutory goal of "avoid[ing] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

In view of the foregoing, after considering all of the relevant statutory factors, the court concludes that a 45-month sentence is not more than necessary to serve the statutory purposes of sentencing and, indeed, continues to be concerned that it may be too low to do that. Accordingly, it is hereby ORDERED that:

    1.   Aguiar's Motion for a Hearing (Dkt. No. 1260) is DENIED.

2.   Aguiar's Motion for Reduction of Sentence (Dkt. No. 1255) is DENIED.

UNITED STATES DISTRICT JUDGE